October 5, 1994
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 94-1796

 JEROME E. CASSELL,

 Plaintiff, Appellant,

 v.

 NANCY OBER,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF NEW HAMPSHIRE

 [Hon. Joseph A. DiClerico, U.S. District Judge]
 

 

 Before

 Selya, Cyr and Stahl,
 Circuit Judges.
 

 

Jerome E. Cassell on Motion For Stay Or Injunction Pending
 
Appeal, pro se.
David W. Immen on Motion To Dismiss for appellee.
 

 

 

 Per Curiam. We have before us a motion by
 

appellant denominated "motion for a stay or injunction

pending appeal," and a cross-motion by defendant "to dismiss

the appeal." We construe these filings as cross-motions for

summary disposition.

 Appellant Cassell was convicted in a New Hampshire

state court of felonious sexual assault. While his criminal

conviction was pending on direct appeal, he brought this

action for damages under 42 U.S.C. 1983, alleging that the

defendant had conspired with the police to falsify evidence

and otherwise cause the plaintiff to be wrongfully convicted

in the state case. The district court initially determined,

on a preliminary review of the complaint under 28 U.S.C. 

1915, and circuit precedent, that the federal damages claim

should be stayed pending exhaustion by plaintiff of his state

remedies. Shortly thereafter, however, the Supreme Court

resolved a conflict among the circuits by ruling that "a 

1983 cause of action for damages attributable to an

unconstitutional conviction does not accrue until the
 

conviction . . . has been invalidated." Heck v. Humphrey,
 

114 S. Ct. 2364, 2373 (1994) (emphasis added); see also
 

Guzman-Rivera v. Rivera-Cruz, 29 F.3d 3, 5 (1st Cir. 1994).
 

The district court then correctly determined that application

of the Supreme Court's decision required the dismissal of

plaintiff's claim as premature.

 Plaintiff's motion indicates that he is somewhat

confused about the effect of the dismissal. We explain,

first, that plaintiff is not prejudiced by the dismissal

because it does not prevent him from later filing a proper

and timely complaint for damages should he first succeed in

having his conviction reversed on direct appeal, expunged, or

otherwise declared invalid by a tribunal authorized to make

such a determination. Id. Second, plaintiff is incorrect in
 

assuming that the dismissal violates this court's mandate in

an earlier appeal filed by plaintiff in another case. Appeal

no. 93-16O7 (one of three consolidated appeals) involved the

dismissal, by a different district judge, of a separate

lawsuit in which plaintiff had named different defendants.

Our remand of that case for further consideration as to

whether some of the claims should be stayed, also predated

the Supreme Court's decision in Heck. The effect of an
 

intervening Supreme Court decision on claims pending in the

district court at the time of the decision is a question

committed in the first instance to the particular judge

presiding over each case.

 Finding no substantial question presented, and for

the reasons articulated in the district court's order, the

judgment below is affirmed. See Loc. R. 27.1. 
 

 -3-